FILED
 2015 Jun-08  AM 10:08
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHNNY RICHARD BROWN,** )<br>)<br>    **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**ATG, INC.,** )<br>)<br>    **Defendant.** )<br>) | Civil Action Number<br>  2:15-cv-00161-AKK |

## **MEMORANDUM OPINION AND ORDER**

Johnny Richard Brown asserts federal claims against ATG, Inc. ("ATG") for race discrimination under Title VII of the Civil Rights Act of 1964,[1] failure to make reasonable accommodations under the Americans with Disabilities Act of 1990 ("ADA"), and wrongfully sharing health information under the Health Insurance Portability and Accountability Act ("HIPAA"). *See* doc. 1. The court has for its consideration ATG's motion to dismiss for failure to state a claim pursuant

---

[1] Presumably, because Brown does not contend that he was an employee of ATG, *see* docs. 1, 4, he is asserting that ATG discriminatorily interfered with his employment opportunity. *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338, 1341 (D.C. Cir. 1973) (Title VII does not "permit a covered employer to exploit circumstances peculiarly affording it the capability of discriminatorily interfering with an individual's employment opportunities with another employer."); *see also Zaklama v. Mt. Sinai Medical Center*, 842 F.2d 291 (11th Cir 1988) ("It is clear from the language of the statute that Congress intended that the rights and obligations it created under Title VII would extend beyond the immediate employer-employee relationship.").

1

to Rule 12(b)(6) of the Federal Rules of Civil Procedure, doc. 7, which is fully briefed and ripe for review, docs. 10, 11. In light of Brown's failure to plead facts establishing that ATG qualifies as an "employer" under Title VII and the ADA, ATG's motion is due to be granted.

## I. MOTION TO DISMISS STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557). Where, as here, the plaintiff is proceeding *pro se*, the pleadings are "h[eld] to less stringent standards than formal pleadings drafted by lawyers . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, *pro se* plaintiffs must still adhere to the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND

Accepting the factual allegations as true, as it must on a motion to dismiss under Rule 12(b)(6), *see, e.g. Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000), the conduct giving rise to this lawsuit began in September, 2014. After receiving a "conditional offer" of employment from the Birmingham Police Department ("BPD"), Brown, who is Caucasian, submitted for his final physical examination by Dr. Eric Reed, an African American physician who worked at

ATG, a testing facility "that performed routine testing for companies." *See* doc. 4 at 1, 3-4, 6. During Brown's examination, Dr. Reed was "unapproachable" and "unfriendly," *id.* at 4, and, despite written assurances from Brown's personal physicians that Brown was "fit and [could] perform the job of a Police Officer," Dr. Reed insisted that "he . . . would decide whether [Brown] was fit[.]" *Id.* at 6. Thereafter, when Brown contacted ATG several days later to inquire about the findings, ATG told Brown that it needed his MRI, and asked him to return to the office to resolve the issue. *Id* at 4. When Brown arrived at ATG, he told the receptionist that he would contact his personal physician to obtain the missing MRI. *Id.* As Brown spoke with the receptionist, Dr. Reed walked into the lobby and told Brown that "[i]f [I] want[] the MRI results from the past [I] [can] get them! [I] can ask for anything! You are trying to control the situation[.]" *Id.* Apparently offended by Dr. Reed's demeanor, Brown told Dr. Reed that he was "out of line," which apparently caused Dr. Reed to threaten to run Brown "through a battery of tests that included mood, anxiety, depression and others." *Id.* Although Brown agreed to take the additional tests, another ATG employee asked Brown only a few questions about Brown's general anxiety disorder. *Id.* at 9.

Some time thereafter, the City of Birmingham ("the City") rescinded the conditional job offer because Brown purportedly failed the physical examination. *Id.* at 4. As a result, Brown filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC"), claiming that Dr. Reed harassed and intimidated him, and ultimately caused him to fail his medical exam because of his race and perceived disability. Doc. 1 at 11. Thereafter, Brown filed this lawsuit, claiming that ATG discriminatorily denied him the opportunity to work at BPD[2] and violated his HIPAA privacy rights. *See* doc. 1.

### III. ANALYSIS

ATG contends that two pleading defects merit the dismissal of this lawsuit. *See* doc. 7. First, ATG notes, correctly, that HIPAA's privacy provisions do not provide a statutory cause of action. *Id.* at 6; *see also Bradley v. Pfizer, Inc.*, 440 Fed. App'x 805, 810 (11th Cir. 2011); *Crawford v. City of Tampa*, 397 Fed. App'x 621, 623 (11th Cir. 2010) (citing *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006)). Put differently, even if ATG violated HIPAA by purportedly discussing Brown's health information in public, Brown has no private cause of action against ATG. *See id.* Consequently, Brown's HIPAA claim is due to be dismissed without prejudice.

---

[2] As proof of alleged discrimination, Brown claims that "[BPD] had approximately 70-80% of the potential Police Officers during this hiring phase as 'White/Caucasian[,]' [and] ATG, Inc. . . . had at least 70-80% of the staff as ('Black/African American')," doc. 4 at 8, and that he "understood that the climate socially was about [c]ops and racial discord" because his exam was taking place around the "very same time as the Police shooting that shocked the nation in Missouri," *id.* at 7-8. Apparently, because of this convergence of events, Brown "[knew] [he] had to be discriminated due to skin color and treated as [if] [he] had a disability." *Id.* at 6.

Next, ATG contends that dismissal is warranted in light of Brown's averment in his EEOC charge[3] that ATG employed less than fifteen employees.[4] Doc. 7 at 2-6. According to ATG, because "[e]mployers with less than fifteen employees on each work day during the relevant twenty-week period are not subject to Title VII [or the ADA]," doc. 7 at 5 (quoting 42 U.S.C. § 2000e(b)), Brown's Title VII and ADA claims fail. Brown's only retort to this argument[5] is that "[i]t is further acknowledged that [ATG] was directly working with [BPD] hiring staff, which renders the minimum number of parties involved in the hiring of [Brown] above the minimum of 15 active employees co-laboring to identify [Brown] as a Police Officer." Doc. 10 at 2. Presumably, Brown is raising a joint

---

[3] Because Title VII and the ADA have the same definition of "employer," the court will analyze both claims together. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

[4] The court may consider Brown's EEOC charge, which Brown attached to his application under § 706(f), *see* doc. 1, and is central to Brown's claim, *see* doc. 10; *Stallworth v. Wells Fargo Armored Serv's Corp.*, 936 F.2d 522 (11th Cir. 1991), because the Eleventh Circuit has "adopted the "incorporation by reference" doctrine. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (courts may consider extraneous documents at the 12(b)(6) phase, without converting the motion to one for summary judgment, if the documents are undisputed and central to the plaintiff's claim.)

[5] The bulk of Brown's responsive brief reasserts the underlying merit of his claims, and urges the court to allow him to commence discovery so that he can "proceed with more thoughtful and imperative planning for the report of the parties planning meeting." Doc. 10 at 4. These contentions miss the mark because ATG's argument is not based on the underlying merit of Brown's claim, but rather on whether it has the requisite number of employees to subject it to liability under Title VII or the ADA. *See* doc. 7. In other words, whether Dr. Reed mistreated Brown, or whether Brown is actually mentally or physically disabled, is immaterial.

6

employer theory. *See Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999) (because courts "accord a liberal construction to the term 'employer' . . . [courts sometimes] ask whether two or more ostensibly separate entities should be treated as a single, integrated enterprise when determining whether [an employer] comes within the coverage of Title VII [or the ADA]." (internal citations omitted)). Joint employer status attaches if (1) the separate entities are "highly integrated with respect to ownership and operations," (2) the two entities contract with each other, and one entity controls the terms and conditions of the other's employees, or (3) the defendant is an agent of the other entity, and the other entity "delegate[ed] sufficient control of some traditional rights over employees" to the defendant. *Id.* Based on Brown's allegations, the court assumes that he is arguing that ATG is an agent of BPD with a sufficient measure of control over the hiring of police officers. *See* doc. 4 at 7. While Brown is free to make any arguments he wants in his opposition brief, statements in briefs are, of course, not evidence. *See Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013). Relevant here, however, Brown's pleadings do not include facts indicating that the City and ATG are joint employers. Rather, the only allegations in the complaint that ATG has any relationship with the City are related solely to the physical exam, *id.* at 5, and that the purportedly falsified medical records caused the City to rescind Brown's offer, *id.* at 10. In other words, nothing

in Brown's complaint allows the court to reasonably infer, as Brown wants, that it is plausible, rather than merely possible, that ATG and the City qualify as joint employers. *Iqbal*, 556 U.S. at 678. Therefore, because the court is generally bound to consider only the facts alleged in the complaint or facts incorporated by reference, *see Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006), no basis exists for this court to overlook that Brown averred in his EEOC charge that ATG employed less than 15 employees. As such, ATG is not a statutory "employer" that is subject to liability under Title VII and the ADA.

For all these reasons, the court finds that Brown has failed to allege facts sufficient to survive a motion to dismiss. Therefore, ATG's motion is **GRANTED** and Brown's claims are **DISMISSED** without prejudice.

**DONE** the 8th day of June, 2015.

                                             **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE